

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN     AUSTIN 11, TEXAS
ATTORNEY GENERAL

Honorable J. M. Allen
County Auditor
Hunt County
Greenville, Texas

Dear Sir:                    Opinion Number O-2316

                    Re: Effect of tax voted at bond
                        election upon maximum maintenance
                        tax authorized at a prior
                        election called for that purpose.

We acknowledge receipt of your letter of April 29, in which
you request our opinion on the following question:

    "Will the trustees of this school be permitted to set
    the tax rate at any figure not to exceed $1.00 per
    $100.00 or would they be restricted to the clause in
    the 1932 election 'shall never exceed 75¢ on the
    $100.00 valuation'?"

The facts underlying your question are that in 1932 the
school district held an election for the purpose of reducing
the maintenance tax levy previously authorized, and as a
result of such election the tax was reduced from $1.00 on
the $100 valuation to 75¢, such reduced figure represented
the maximum tax authorized to be levied for both maintenance
and bond purposes.

In 1937 a bond election was held which resulted favorably
to the issuance of the bonds and likewise authorized a levy
of a tax sufficient to pay the current interest on said bonds
and to pay the principal thereof as the same accrues, with the
further provision that the maintenance tax and the bond tax
together for any one year should never exceed one dollar on
the $100 valuation on said property.

We are not in possession of information as to the exact pro-
position submitted to the voters at the time the 75¢ levy
was authorized, but we call your attention to the fact that
the only specific authority the district has for the voting
of a tax relates to a maintenance tax. Article 2786 of
Vernon's Annotated Statutes, prescribes the manner in which
such election shall be held and sets out the form of ballot

to be used in common school districts and independent school districts. In independent school districts the ballot shall read: "For Maintenance Tax", or "Against Maintenance Tax". Article 2784 limits the tax that may be levied for both maintenance of the public schools and the erection and equipment of buildings therein - this limit being $1.00 on the $100 valuation of taxable property located within the district - and the article further prescribes that the bond tax should never exceed 50¢ on the $100 valuation, and that the maintenance tax, together with the bond tax, should never exceed $1.00 on the $100 valuation of taxable property. It will be seen from this that a bond tax can be authorized only in connection with the issuance of bonds, and will operate so as to reduce the tax for maintenance purposes.

It is obvious that the voters in the independent school district of your county, when voting specifically upon the proposition of the levy of a maintenance tax, confined such levy to 75¢ on the $100 valuation, and expressly provided that the maintenance tax and bond tax together for any one year should not exceed that amount. You have informed us that in 1937 the following question was submitted: "Shall the board of trustees of Caddo Mills Independent School District be authorized to issue the bonds of said district in the amount of $4,500 * * * for the purpose of the purchase or repair and equipment of free public school buildings within the limits of said district, * * * and whether there shall annually be levied and collected on all of the taxable property in said school district for the current year and annually thereafter while said bonds or any of them are outstanding, a tax sufficient to pay the current interest on said bonds and to pay the principal thereof as the same shall become due, provided that the maintenance tax and the bond tax together for any one year shall never exceed one dollar on the $100 valuation on said property." This election was for the purpose of voting bonds and authorizing the levy of a tax to pay them.

It is our conclusion that since the election in 1937 was called expressly for the purpose of voting bonds to construct certain improvements within the district, the matter of increasing the aggregate tax that may be levied in the district was not specifically before the voters, and that such proviso in the proposition submitted, as quoted above, was insufficient for the purpose of authorizing an increase in the total amount that might be levied for both maintenance and bond purposes.

In the opinion of this department, numbered O-1913, precisely the same question was submitted for our consideration; however, the facts underlying that case were not analogous to those of your situation, but we think the conclusion reached there applies with equal force to your situation. Accordingly, we advise that in our opinion the trustees of the school district

referred to in your letter are still restricted by the terms of the election held in 1932, for the reason that the qualified voters of the district have never consented to be taxed at a rate greater than the maximum rate which they voted in 1932, and that if the rate of bond tax, together with the rate of maintenance tax, voted in the district, should at any time exceed 75¢ on the $100 valuation, such bond tax will operate to reduce the maintenance tax to the difference between the rate of bond tax and the total rate authorized.

We are enclosing herewith a copy of our opinion number O-1913, with the thought that it, in connection with the discussion contained herein, will answer your question.

Very truly yours

ATTORNEY GENERAL OF TEXAS

s/ Clarence E. Crowe

By

Clarence E. Crowe
Assistant

CEC-s/cg

APPROVED MAY 18, 1940
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED Opinion Committee
By RWF, Chairman